Submitted on brief December 15, 1978,
reversed and remanded April 3, 1979

LEVETON, *Appellant,*

*v.*

THE FREDERICK C. JENSEN
ORGANIZATION et al, *Respondents,*
LENSKE, *Intervenor-Appellant.*

(TC A76-05-07451, SC 25570)

593 P2d 130

On the brief were James Scudder, Troutdale, for
Appellant Leveton, and Reuben Lenske pro se.

No appearance by respondents.

PER CURIAM.

[143]

## PER CURIAM.

Plaintiff appeals from a decree foreclosing a mortgage in which the court limited plaintiff's judgment to $1,000, plus interest, on a note and mortgage in the amount of $2,150, on the ground that plaintiff was not the "real party in interest" with respect to the remaining sum.

The case was submitted on appellant's brief. There was no appearance by respondents and no oral argument. Plaintiff makes the following contentions, which are supported by the pleadings and evidence in the record:

Plaintiff Leveton and Reuben Lenske were partners in L & M Investment Co. The Jensens obtained the mortgaged real property involved in this case in prior litigation in which their interests were represented by Mr. Lenske. Subsequently, Mr. Jensen sought a loan from Lenske. On Lenske's initiative, plaintiff agreed to lend defendant The Frederick C. Jensen Organization $1,000 if defendant would execute a note and mortgage covering both the $1,000 and a further sum of $1,150 claimed by Lenske for attorney fees and court costs in the prior litigation, and defendant agreed to do so. The agreement was reduced to writing in a memorandum which reads:

Memorandum

The Frederick C. Jensen Organization, an Oregon corporation, is co-incident herewith executing a note and mortgage to William Leveton in the sum of $2150.00. It is agreed that $1000 thereof is a loan of the amount, check for which is being delivered by William Leveton to said corporation. The other $1150.00 constitutes attorney fees and advancements for court costs by Reuben Lenske in the case of Auto Pollution Corporation Inc. v. Great Western Construction Co.,Inc., which services were rendered by Reuben Lenske in relation to the property at 12436 S.E. Stark Street, Multnomah County, Oregon, which is being given as security for the said $2150.00 note.

[145]

Signed this 8th day of November, 1973.

The Frederick C. Jensen Organization

by   s/   F. C. JENSEN
          Pres.
     s/   REUBEN LENSKE
     s/   WILLIAM LEVETON

Defendant executed its note and mortgage on the described real property in accordance with this agreement.

When defendant failed to make payments due on its debts, plaintiff and another creditor filed suits to foreclose their mortgages. The suits were consolidated and have been disposed of except for the amount here in issue. With respect to plaintiff's note and mortgage for $2,150, the trial court ruled that plaintiff could recover only $1,000 because he was not the "real party in interest" as to the $1,150 not advanced by himself.[1]

This ruling was error. It is clear that plaintiff Leveton was the creditor under the note and mortgage that he sought to collect in the foreclosure suit. The fact that he would owe part of the money to Lenske is immaterial. It is clear from the memorandum quoted above that payment of the note would discharge defendant's debt for the $1,150 of attorney fees and costs mentioned therein. Assuming that ORS 13.030, the statute requiring suits to be prosecuted in the name of the real party in interest, could be an obstacle to a suit on a note and mortgage brought in the name of the payee and mortgagee, plaintiff would still be a proper plaintiff as one "in whose name a contract is made for the benefit of another."[2] The case must be

---

[1] The court also denied a complaint in intervention filed by Mr. Lenske to represent his own interest, which presumably was the interest the court would not let plaintiff assert.

[2] ORS 13.030:

Every action or suit shall be prosecuted in the name of the real party in interest, except that an executor or an administrator, a trustee of an express trust, or a person expressly authorized to sue by statute,

reversed and remanded for entry of the appropriate decree.

Reversed and remanded.

may sue without joining with him the person for whose benefit the action or suit is prosecuted. A person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section. This section does not authorize the assignment of a thing in action not arising out of contract.